IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER D. GREMLER,

                    Plaintiff,

    v.

FRANK J. BISIGNANO,
Commissioner of the Social Security Administration,[1]

                    Defendant.

OPINION and ORDER

22-cv-27-jdp

---

This is an action for judicial review of the Social Security Administration's denial of Christopher D. Gremler's application for disability benefits. After the parties stipulated to a remand, Gremler received a favorable decision from the commissioner. Dana Duncan, counsel for Gremler, moves for a fee award under 42 U.S.C. § 406(b). Dkt. 28. The statute allows a prevailing party to recover a reasonable fee, but the total amount awarded at the district court and the administrative level may not exceed 25 percent of the past benefits awarded. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002).

In assessing a fee for reasonableness, the court starts with the fee specified by Gremler's contingency agreement with Duncan. *Arnold v. O'Malley*, 106 F.4th 595, 601 (7th Cir. 2024) (per curiam). The contingency agreement between Gremler and Duncan provides that Duncan is authorized to receive 25 percent of any past-due benefits awarded to Gremler. Dkt. 28, Ex. 1, at 1. The commissioner withheld $31,042.50 from Gremler's past-benefits award, which is 25 percent of the total award. Dkt. 28, Ex. 2, at 3.

---

[1] The court has amended the caption to reflect Frank J. Bisignano's appointment as Commissioner. Fed. R. Civ. P. 25(d).

The court must determine whether the contingency fee is unwarranted, and thus, should be reduced. To make this determination, the court considers factors relevant to the "character of the representation and the results the representation achieved." *Gisbrecht*, 535 U.S. at 808. These factors include:

> the claimant's satisfaction with their attorney's representation;
>
> the attorney's expertise and efforts expended;
>
> whether the attorney engaged in any undue delay or overreaching;
>
> the uncertainty of recovery and risks of an adverse outcome; and
>
> how the effective hourly rate compares to others in the field and jurisdiction.

*Arnold*, 106 F.4th at 601.

The court finds no reason to award Duncan less than the full contingent fee amount to which he and Gremler agreed. Neither Gremler nor the commissioner has objected to Duncan's motion, and it's undisputed that Duncan is an experienced attorney who achieved good results for his client. Duncan's effective hourly rate is elevated (about $535), but there's no evidence that it exceeds the hourly rate charged by other attorneys in the field.[2] The court will approve a representative fee in the gross amount of $31,042.50.

Duncan asks the court to allow him to retain the $12,000 he previously received in fees under the Equal Access to Justice Act (EAJA). Dkt. 28, at 2. When an attorney receives fees under both the EAJA and § 406(b), the attorney must refund the smaller fee awarded to the claimant. 28 U.S.C. § 2412 note (Savings Provision); *see Gisbrecht*, 535 U.S. at 796; *Arnold v. Bisignano*, 145 F.4th 768, 770 (7th Cir. 2025). Duncan proposes subtracting the EAJA fees

---

[2] Duncan spent 58 hours on this case. Dkt. 29, at 3.

from the gross fee award, which would result in a net fee of $19,042.50. Stated another way, Duncan wants Gremler to keep the $12,000 that Duncan already received, which would allow Duncan to avoid having to refund Gremler separately. To conserve judicial resources, and for efficiency's sake, the court will subtract from the gross amount of representative fees the $12,000 that Duncan received under the EAJA. The net amount that should be dispersed to Duncan from Gremler's past-due benefits award is $19,042.50.

## ORDER

IT IS ORDERED that:

1. Dana Duncan's motion for attorney fees under 42 U.S.C. § 406(b), Dkt. 28, is GRANTED.

2. The court approves representative fees under § 406(b) in the gross amount of $31,042.50.

3. Duncan may retain the $12,000 previously awarded in EAJA fees in partial satisfaction of the § 406(b) award.

4. The net amount of $19,042.50 shall be disbursed by the commissioner from any of Gremler's past-due benefits being withheld and in accordance with agency policy.

Entered June 12, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

3